# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1068

_____

Kalee Dutchman DeAtley

*Plaintiff - Appellant*

v.

Mutual of Omaha Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 20, 2012
Filed: November 13, 2012

_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Plaintiff, Kalee DeAtley (DeAtley), appeals the district court's[1] order granting
Mutual of Omaha Insurance Company's (Mutual) motion for summary judgment and

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western
District of Missouri.

denying DeAtley's motion for summary judgment on DeAtley's breach of contract claim for Mutual's denial of coverage under an insurance policy. We affirm.

I.

During the 2008-2009 academic year, DeAtley was a student at the Odessa, Missouri, High School (Odessa) and a member of the Odessa wrestling team. In February 2009, the Missouri State Wrestling Tournament, an annual statewide high school wrestling tournament held by the Missouri State High School Activities Association (MSHSAA), was held in Columbia, Missouri. Although he did not qualify to compete at the state tournament, DeAtley was allowed to accompany the wrestling team to the tournament because he was a senior and had worked hard throughout the year. The night before the tournament, after traveling on the bus with the wrestling team to Columbia, DeAtley suffered a ruptured spleen and internal bleeding while "horsing around" with other non-qualifying students in his hotel room.

DeAtley sought benefits under an insurance policy that Mutual had issued to the MSHSAA (the Policy). The Policy covered MSHSAA's participating member high schools, including Odessa, and provided that "[b]enefits will be paid on an excess basis . . . for Covered loss which is Incurred by the Insured Person . . . ." The Policy defined an Insured Person as:

> a Student attending the Participating School including only those activities performed as part of the sports team or cheer unit and under the direct supervision of the Participating School and directly associated with a Covered Event or any other activities as specified in the Plan of Insurance and participating as:
>     • a player on an athletic team in a Covered Event sanctioned and recognized by the Participating School;
>     • a Student coach, Student manager, or Student trainer of such a team formally identified as such by the Participating School;
>     • a Student cheerleader officially recognized as such by the Participating School (includes dance team members and mascots); or

• a Student as shown in the Eligibility section in the Plan of Insurance.

The Policy defines "Eligibility" as "[a]ll student athletes, student managers, student trainers, student cheerleaders and students participating in interscholastic competition." The Policy defines a "Covered Event" as:

> Students participating in interscholastic competition, governed by the regulations of the state high school athletic/activities authority, including school-supervised practice, tryouts, game related activities and covered travel as defined under the policy.

Following Mutual's denial of his claim for benefits, DeAtley sued Mutual, contending that Mutual had breached its contract to provide him with coverage and seeking damages under Mo. Rev. Stat. § 375.420 for Mutual's vexatious refusal to pay. The parties filed cross motions for summary judgment on the issue of coverage. DeAtley argued that the phrase "participating in interscholastic competition" as set forth in the "Eligibility" and "Covered Event" provisions should be interpreted "in its broadest sense including participation in any manner, whether [as a] competitor or otherwise." The district court granted Mutual's motion for summary judgment, holding that the Policy was unambiguous and that DeAtley did not meet the Policy's definition of an "Insured Person" because he was not participating in interscholastic competition. The district court denied DeAtley's motion for summary judgment and entered judgment in favor of Mutual.

## II.

"We review de novo the district court's grant of summary judgment based on its interpretation of insurance policy provisions." Secura Ins. v. Horizon Plumbing, Inc., 670 F.3d 857, 861 (8th Cir. 2012). "Summary judgment is proper if there is no genuine issue of material fact and the insurers are entitled to judgment as a matter of law." Id. Because federal jurisdiction in this case is based on diversity of citizenship,

state law controls the interpretation of the Policy. Id. The parties agree that Missouri law controls here.

Under Missouri law, the proper interpretation of an insurance policy depends on whether the policy's language, when considered within the context of the policy as a whole, is ambiguous. Todd v. Mo. United Sch. Ins. Council, 223 S.W.3d 156, 160-63 (Mo. 2007) (en banc). Missouri courts resolve ambiguities in an insurance policy in favor of the insured. Id. at 160. When the policy's language is unambiguous, however, the policy "will be enforced as written." Id. (citation omitted).

DeAtley argues that the Policy's "Eligibility" and "Insured Person" provisions are ambiguous and, construing them in favor of coverage, he need not have been "participating" in order to receive benefits under the Policy. DeAtley, however, did not raise this argument below and is thus precluded from raising it on appeal.[2] See Tr. of Electricians' Salary Deferral Plan v. Wright, 688 F.3d 922, 926 (8th Cir. 2012) ("[O]rdinarily, this court will not consider arguments raised for the first time on appeal." (citation omitted)); Corn Plus Coop. v. Cont'l Cas. Co., 516 F.3d 674, 680 (8th Cir. 2008) (explaining that the failure to raise an argument before the district court that a provision of an insurance contract is ambiguous results in waiver of that argument on appeal). Putting aside the question of waiver, DeAtley's attempt to avoid the Policy's "participation" requirement is unpersuasive.

DeAtley argues that the "Insured Person" provision can be read to split the definition of an insured person into the following two categories:

---

[2]Before the district court, DeAtley cited the canon of construction that ambiguities in insurance contracts should be resolved in favor of the insured and argued that the term "participation" as set forth in the "Eligibility" and "Insured Person" provisions should be applied broadly to encompass students in his position. DeAtley did not argue that the provisions as a whole were ambiguous such that the term "participating" could be read out of the coverage analysis.

1) students attending the participating school including **only those activities** performed as part of either a sports team or cheer unit and under the direct supervision of the Participating School and directly associated with a Covered Event; **or** 2) students attending the participating school including **any other activities** as specified in the Plan of Insurance and participating as: a player on an athletic team; a student coach; student manager; student trainer; student cheerleader; or student as shown in the Eligibility Section of the Plan of Insurance.

Appellant's Br. at 21 (emphasis in original).

DeAtley's proposed two-category construction contradicts a plain reading of the "Insured Person" provision and the policy as a whole. See Todd, 223 S.W.3d at 163 (explaining that courts may not "unreasonably distort the language of a policy" to create an ambiguity). Moreover, acceptance of DeAtley's construction would make no difference, as DeAtley is still unable to satisfy either category of his proposed construction.

DeAtley fails to satisfy the first category's definition of an insured person because at the time that he was injured he was "horsing around" at the hotel, not performing an activity "directly associated with a covered event."

Nor does DeAtley qualify for coverage under the second category of his proposed construction as a "student[] . . . participating as . . . [a] student as shown in the Eligibility section of the Plan of Insurance." DeAtley argues that he need not have been "participating" to satisfy the "Eligibility" section because he is claiming coverage as a "student athlete," and the phrase "participating in interscholastic competition" applies only to "students," not "student athletes." DeAtley's argument, however, overlooks the fact that, under his second category, he is required to demonstrate not only that he qualifies as a student under the Eligibility section, but also that he was "participating as" such a student. Accordingly, DeAtley must still satisfy the "Insured Person" provision's participation requirement.

-5-

DeAtley argues in the alternative that he was "participating" in the wrestling tournament as a "student athlete" by attending the tournament with the team.[3] We agree with the district court that an athletic participant is "one who readies himself for an athletic contest by practicing and is **actively involved in the contest** either individually or jointly with team members." D. Ct. Order of Dec. 22, 2011, at 7 (emphasis in original). DeAtley's failure to qualify for the wrestling tournament precluded him from participating in the tournament as an athlete. DeAtley's only role at the tournament was as a spectator, and thus he was not participating in the wrestling tournament as a student athlete. Because DeAtley was not an insured person under the Policy, the district court did not err in granting Mutual's motion for summary judgment.

## III.

The judgment is affirmed.

_____

---

[3]DeAtley argues only that he is a "student athlete" under the "Eligibility" section. Accordingly, we do not consider whether DeAtley qualifies, alternatively, under another category of student as set forth in the "Eligibility" Section.