# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3881

_____

Kelly Jordan; Robert Jordan

*Plaintiffs - Appellants*

v.

Safeco Insurance Company of Illinois

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 26, 2013
Filed: January 15, 2014
_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Kelly Jordan appeals the district court's grant of summary judgment in favor of Safeco Insurance Company of Illinois. Jordan sued Safeco seeking to "stack" the underinsured motorist coverage from various policies she and her husband, Robert Jordan, had taken out with Safeco for their five vehicles. The district court determined that the Missouri Supreme Court's decision in <u>Ritchie v. Allied Property</u>

& Casualty Insurance Co., 307 S.W.3d 132 (Mo. 2009), which permitted the stacking of underinsured motorist coverage, was limited to the special situation where the insured is occupying a vehicle the insured does not own. We disagree with the district court's interpretation of Ritchie's holding, and therefore we reverse the grant of summary judgment and remand this matter for entry of partial summary judgment in favor of Jordan and for further consideration consistent with this holding.

I.

In 2009, Kelly Jordan was walking across the street at an intersection when she was struck by a car. Jordan suffered injuries and lost wages. The driver's insurance company paid its limit of $100,000 to Jordan and her husband. At the time of the accident, Jordan was a named insured on three Safeco Insurance Company policies covering five different vehicles she owned with her husband. The policies provided for $100,000 in underinsured motorist coverage (UIM) for each of the five vehicles. Jordan sought payment of $500,000 from Safeco under a claim that the driver who struck her was underinsured. Safeco paid Jordan $100,000 as UIM coverage but refused additional payments, claiming the policies contained language that prohibited the "stacking," or combining, of the policies' UIM coverage.

The three policies contain identical language that forms the basis of the disagreement between the parties. The clause of the policies most relevant to this case is paragraph two of the "Underinsured Motorist Coverage: Other Insurance" section (hereinafter, the "Other Insurance clause"). It provides:

> 2. Any underinsured motorist insurance we provide with respect to a vehicle you do not own shall be excess over any collectible underinsured motorist insurance.

(J.A. 119.)

Jordan brought suit in state court seeking payment of $500,000 in UIM coverage, claiming that she should be able to recover $100,000 in UIM coverage for each of the five vehicles she insured with Safeco. Jordan also sought the award of state statutory penalties and attorneys' fees for Safeco's alleged unreasonable refusal to pay under the described policies. Safeco removed the action to federal court on the basis of diversity jurisdiction. Safeco moved for summary judgment, arguing the UIM coverage could not be stacked and therefore Jordan was not entitled to additional payments nor did Safeco unreasonably refuse to pay under the policies. Jordan moved for partial summary judgment, seeking a declaration that the UIM coverages under the relevant policies were subject to stacking. The district court denied Jordan's motion for partial summary judgment, granted Safeco's motion for summary judgment, and dismissed Jordan's claims, holding that the Ritchie decision, which permitted the stacking of UIM coverage under a similar Other Insurance clause, only applies to situations where the insured is occupying a non-owned vehicle and thus the Other Insurance clause in the Safeco policies was not applicable to Jordan because she was a pedestrian. The district court further held that, absent the applicability of the Other Insurance clause, the policies unambiguously prohibit the "stacking" of UIM coverage. Jordan now appeals, arguing the district court misapplied Ritchie.

II.

We review the district court's interpretation of an insurance policy and its grant of summary judgment de novo. See Secura Ins. v. Horizon Plumbing, Inc., 670 F.3d 857, 861 (8th Cir. 2012). A district court properly grants summary judgment "if there is no genuine issue of material fact and the insurers are entitled to judgment as a matter of law." Id. "State law governs the interpretation of insurance policies when federal jurisdiction is based on diversity of citizenship." Id. Both parties agree that Missouri law applies to the policies in question.

-3-

A.

Missouri courts have held that there are public policy reasons for requiring uninsured motorist coverage, and thus attempts by insurance companies to prohibit the stacking of uninsured motorist coverage have been invalidated. Hall v. Allstate Ins. Co., 407 S.W.3d 603, 607 (Mo. Ct. App. 2012). Because similar public policy reasons are not present for UIM coverage in Missouri, however, policies can be drafted in a manner that prohibits the "stacking," or combining, of UIM coverage from multiple policies. See Long v. Shelter Ins. Cos., 351 S.W.3d 692, 696-97 (Mo. Ct. App. 2011); Lynch v. Shelter Mut. Ins. Co., 325 S.W.3d 531, 539 (Mo. Ct. App. 2010). When the language prohibiting "stacking" is clear and unambiguous, insureds may recover UIM benefits from only a single policy as a matter of contractual right. Long, 351 S.W.3d at 697.

Although courts should evaluate insurance policies as a whole, Seeck v. Geico Gen. Ins. Co., 212 S.W.3d 129, 133 (Mo. 2007), issues arise in contract disputes when policies contain clauses that claim to prohibit "stacking" and also contain clauses that appear to authorize "stacking." When this happens, an ambiguity occurs, and courts are obligated to resolve the ambiguity in favor of the insured. See Manner v. Schiermeier, 393 S.W.3d 58, 65 (Mo. 2013) ("Conflicts and inconsistencies between different policy provisions, with one seeming to deny coverage but the other seeming to grant it, will render a policy ambiguous, and such an ambiguity will be interpreted in favor of the insured."). Questions of contract interpretation are very specific to the policies interpreted, and thus courts must exercise care in applying case holdings that have interpreted policies not identical to the policy at issue.

B.

The relevant policy language from the Other Insurance clause in this case and in Ritchie are essentially identical. Because the Missouri Supreme Court held that the

Other Insurance provision in Ritchie created an ambiguity that permitted the stacking of UIM coverage, Safeco argues that the Other Insurance clause in this policy only applies to situations where, as in Ritchie, the insured is occupying a non-owned vehicle. Safeco admitted at oral argument that if Jordan had been injured while occupying a non-owned vehicle, Ritchie's holding would apply and Safeco would be obligated to pay the UIM coverage on all of the policies. Safeco argues, however, that because Jordan was a pedestrian at the time of the accident, the Other Insurance clause does not apply because it contains a non-owned vehicle occupancy requirement. Safeco makes this occupancy argument on two grounds:[1] (1) the Other Insurance clause in the policies references "a vehicle you do not own" and courts should thus read into this language an occupancy requirement, and (2) the Missouri Supreme Court in Ritchie specifically limited its holding to situations where the insured was occupying a non-owned vehicle. Safeco also argues that the Missouri Court of Appeals has determined in Kennedy v. Safeco Insurance Co. of Illinois, 413 S.W.3d 14 (Mo. Ct. App. 2013), a case involving the same Safeco policy language and comparable facts, that an ambiguity does not exist and thus the UIM coverage may not be "stacked." As explained below, none of these bases can withstand scrutiny.

First, Safeco argues that we should read the Other Insurance clause's reference to "vehicle you do not own" as requiring the insured to be occupying a non-owned vehicle at the time of the accident. Safeco concedes that UIM coverage was personal

_____

[1]Safeco also argues that there are multiple, overlapping clauses in the policy that clearly prohibit stacking. This argument does not prevail for Safeco because, as illustrated by Ritchie, where even one clause can be reasonably interpreted to provide for the stacking of UIM coverage in certain circumstances despite repeated, general references in the policy stating otherwise, an ambiguity is created. See Ritchie, 307 S.W.3d at 138 ("Any conflict between [the limit of liability provision and the other insurance provision] creates an ambiguity that is resolved in favor of the insureds.").

and thus followed Jordan as she was a pedestrian. Accordingly, Safeco paid out $100,000 in UIM coverage to Jordan. But, then Safeco inconsistently contends that the "excess" provision of the Other Insurance clause is meant to provide insurance coverage to the insured only in circumstances when the insured is involved in the "occasional and sporadic use of vehicles not owned by the insured." Safeco emphasizes that "the Safeco policies only insured the vehicles scheduled on the policies' Declarations and any non-owned vehicle that an insured under the policies might use or occupy." Safeco maintains that to interpret the policy otherwise would be an unauthorized rewriting of the policies and a distortion of the policies' intent to only insure Jordan while she was occupying a vehicle she owns or a vehicle she does not own. In support of its argument, Safeco relies on Ritchie and Clark v. American Family Mutual Insurance Co., 92 S.W.3d 198 (Mo. Ct. App. 2002).

The Other Insurance clause in the Safeco policies states, "Any underinsured motorist insurance we provide with respect to a vehicle you do not own shall be excess over any collectible underinsured motorist insurance." While it may be that most situations in which the insured is able to collect under this provision involve cases where the insured is occupying an uninsured vehicle, nothing in the plain language of the clause mandates the occupancy of a non-owned vehicle. The clause, as written, is silent as to occupancy. This silence speaks volumes when one considers that the policies specifically define "occupying" but then exclude this defined term from the Other Insurance clause. Further, Safeco does not dispute that it provided UIM coverage to Jordan with respect to the injuries she suffered from being struck by the underinsured motorist. In light of this ambiguity, we are obligated to read the policy against Safeco and in favor of Jordan. Ritchie, 307 S.W.3d at 135.

Safeco cites Clark as supportive of its argument that the Other Insurance clause language necessarily requires that Jordan have occupied a non-owned vehicle. Clark, however, demonstrates why the policy language here is ambiguous. In Clark, the relevant clause provided, "But, any insurance provided under this endorsement for

an **insured person** while **occupying** a vehicle **you** do not own is excess over any similar insurance." 92 S.W.3d at 201 (emphasis in original). Thus, the Clark policy did contain a specific occupancy requirement. Whatever Safeco intended when it included the phrase "to a vehicle you do not own," we simply do not read an occupancy requirement into the plain language of that clause. As explained below, we also find unpersuasive Safeco's attempt to rely on language from Ritchie in support of an occupancy requirement.

Safeco maintains that the Missouri Supreme Court in Ritchie limited its holding to situations in which the insured is occupying a non-owned vehicle. The Other Insurance provision at issue in Ritchie stated, "Any coverage we provide with respect to a vehicle you do not own shall be excess over any other collectible underinsured motorist coverage." 307 S.W.3d at 137. The Missouri Supreme Court then interpreted the policy to mean "underinsured coverage under the policy 'shall be excess over any other collectible underinsured motorist coverage' when, as in this case, the insured is injured while riding in a non-owned vehicle." Id. While this language arguably supports Safeco's argument that the Other Insurance clause only applies to circumstances where the insured is occupying a non-owned vehicle, the occupancy question was not at issue in Ritchie. Accordingly, whether the policy in Ritchie required occupancy of a non-owned vehicle was not specifically decided by the Missouri Supreme Court. See Blunkall v. Heavy & Specialized Haulers, Inc., 398 S.W.3d 534, 544 (Mo. Ct. App. 2013) (explaining that expressions of opinion by the court that are not necessary for deciding the case are "obiter dicta" and not binding precedent). Thus, it would not be appropriate to read into the Ritchie holding a judicially-created occupancy requirement.

Ritchie relies heavily on Niswonger v. Farm Bureau Town & Country Insurance Co. of Missouri, 992 S.W.2d 308 (Mo. Ct. App. 1999), in support of its decision. In Niswonger, the Other Insurance provision provided, "any insurance provided under this endorsement for a person insured while occupying a non-owned

vehicle is excess of any other similar insurance." 992 S.W.2d at 315. Because of this policy language, which explicitly requires occupancy, the Niswonger court held, "[w]hile the UIM 'anti-stacking' provisions of the policy here in question might perhaps have to be deemed unambiguous in nearly any other factual situation, that does not necessarily mean they are unambiguous in the particular factual situation now before us, where the accident occurred while [the insured] was occupying a non-owned vehicle." Id. Thus, it is obvious the Missouri Supreme Court when deciding Ritchie simply took the language from the Niswonger decision which contained reference to occupancy only because the policy at issue in Niswonger also contained an occupancy requirement. Accordingly, we reject Safeco's argument that the Missouri Supreme Court in Ritchie limited its holding to situations where the insured is occupying a non-owned vehicle at the time the injury is suffered.

Finally, Safeco argues that Kennedy, a Missouri Court of Appeals decision that is squarely on point—factually, legally, and contractually—with this case, controls. In Kennedy, the Missouri Court of Appeals held that stacking of Safeco UIM policies is not permitted, reasoning that no matter what the Other Insurance clause stated, no reasonable layperson could believe it overrides the other multiple provisions in the policy prohibiting stacking. Kennedy, 413 S.W.3d at 17-18. To be certain, this reasoning is appealing; however, we are unable to follow it because the Missouri Court of Appeals fails to distinguish the Safeco policies considered in Kennedy from the policy at issue in Ritchie, which also contained express clauses that barred stacking of UIM coverage. We note the Safeco policy contains more "no-stacking" clauses than were contained in the policy at issue in Ritchie, but we fail to see how that fact alone negates the rule, emphasized in Ritchie, that where "excess coverage was promised at one point and taken away at another" an ambiguity is created and the courts should allow for stacking of the policies. 307 S.W.3d at 138 (citing Seeck, 212 S.W.3d at 133). Despite the "no-stacking" provisions found in the Ritchie policy, the Missouri Supreme Court held that the policy could be reasonably interpreted to allow

stacking when the accident falls under the Other Insurance provision which fails to include the "no-stacking" provisions found elsewhere in the policy.

When the Missouri Court of Appeals decided <u>Kennedy</u>, it based its decision on the fact that the Safeco policies contained several "no-stacking" clauses throughout the policy and thus concluded that no reasonable policyholder could interpret the Other Insurance clause as overcoming the "no-stacking" restrictions. This reasoning, however, was not persuasive to the Missouri Supreme Court in <u>Ritchie</u>, and therefore we cannot adopt it in this case. <u>See</u> <u>Blankenship v. USA Truck, Inc.</u>, 601 F.3d 852, 856 (8th Cir. 2010) (holding that when a federal court sits in diversity, it must apply the governing precedent from the state's highest court, and when there is no case directly on point, the federal court must predict how the state supreme court would rule if faced with the same question). The Missouri Supreme Court declined to transfer <u>Kennedy</u>. Thus, we must predict what outcome we believe the Missouri Supreme Court would reach in this situation, and from its holding in <u>Ritchie</u>, we believe it would reject the Missouri Court of Appeals decision in <u>Kennedy</u>.

III.

Accordingly, we reverse the district court's grant of summary judgment in favor of Safeco. We remand this matter to the district court with instructions to grant Jordan's motion for partial summary judgment and to conduct further proceedings consistent with this decision.

_____