# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2061

_____

Harleysville Worchester Insurance Company

*Plaintiff - Appellee*

v.

Diamondhead Property Owners Association, Inc.

*Defendant*

Fred Ensminger

*Defendant - Appellant*

Jerry Chambliss; Cynthia Nelson

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: December 20, 2013
Filed: February 4, 2014

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Harleysville Worchester Insurance Company (Harleysville) issued Diamondhead Property Owners Association, Inc. (Diamondhead), a commercial insurance policy (the Policy). Although the parties intended for the Policy to exclude coverage for law enforcement, Harleysville inadvertently omitted that exclusion from the Policy itself. Following an altercation between Diamondhead police officer Fred Ensminger and two Diamondhead residents, Harleysville sued Diamondhead, Ensminger, and the two residents, seeking a reformation of the insurance contract and a declaration that it had no duty to defend or indemnify the officer. The district court[1] granted Harleysville its desired relief, from which Ensminger now appeals. We affirm.

I.

Diamondhead is a gated community in Hot Springs, Arkansas. In June 2010, Diamondhead asked its insurance agent, Arkansas Best Insurance Corporation (Arkansas Best), to seek out and secure on Diamondhead's behalf a commercial insurance policy suitable to Diamondhead's needs. Arkansas Best contacted Harleysville to request a quote for such a policy.

Arkansas Best informed Harleysville that the policy would not need to include law enforcement coverage because another insurer, Western World Insurance Company, already insured Diamondhead against law enforcement liability. Harleysville acknowledged that its policy would not include coverage for law enforcement, and it submitted a proposed policy to Arkansas Best that excluded coverage for law enforcement. Diamondhead ultimately selected Harleysville's proposal from a group of proposals collected by Arkansas Best, and Diamondhead's president executed a commercial insurance application that excluded coverage for law

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

enforcement. Arkansas Best gave the executed application to Harleysville, and Harleysville officially issued the Policy on July 1, 2010, after inadvertently failing to exclude coverage for law enforcement therein.

On July 21, 2010, Ensminger became involved in an altercation with two Diamondhead residents, Jerry Chambliss and Cynthia Nelson. Chambliss and Nelson sued Ensminger and Diamondhead, and Harleysville brought a declaratory judgment action against all four parties seeking to avoid insurance liability for the incident. Harleysville acknowledged that the Policy purported to cover law enforcement, but asked the court to reform the Policy based on Arkansas's doctrine of mutual mistake. The district court granted Harleysville's motion for partial summary judgment and reformed the Policy to exclude coverage for law enforcement. The court then granted Harleysville's motion for summary judgment on the issue of coverage under the reformed policy.

## II.

Arkansas insurance law governs in this diversity action. See Langley v. Allstate Ins. Co., 995 F.2d 841, 844 (8th Cir. 1993). We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party. Hill v. Walker, 737 F.3d 1209, 1216 (8th Cir. 2013). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Ensminger asserts that the district court erred in reforming the Policy and in disregarding his affirmative defense of laches.

## A.

Ensminger first argues that the district court erred in applying Arkansas's doctrine of mutual mistake to reform the Policy. Arkansas courts "will reform a

-3-

writing to reflect the parties' true intent when, by mistake, the parties fail to write down the agreement accurately." Hope v. Hope, 969 S.W.2d 633, 637 (Ark. 1998). The uncontroverted evidence in this case demonstrates that Harleysville, Arkansas Best, and Diamondhead all intended to enter into an insurance policy that excluded coverage for law enforcement and that Harleysville's failure to exclude that coverage from the Policy was inadvertent.[2] The district court thus did not err in reforming the policy to reflect the parties' intent.

## B.

Ensminger next argues that the doctrine of laches precludes Diamondhead from denying coverage. The affirmative defense of laches "is based on the equitable principle that an unreasonable delay by the party seeking relief precludes recovery when the circumstances are such as to make it inequitable or unjust for the party to seek relief." Felton v. Rebsamen Med. Ctr., Inc., 284 S.W.3d 486, 495 (Ark. 2008). Because Ensminger has pointed to no fact that would make it unjust for Harleysville to seek relief in this circumstance, we conclude that the argument is without merit.

## III.

The judgment is affirmed.

_____

_____

[2]Ensminger argues that Arkansas Best was not an agent for Diamondhead and that correspondence between Arkansas Best and Harleysville therefore cannot support the conclusion that Diamondhead and Harleysville committed a mutual mistake. But we see no other way to characterize the relationship between Diamondhead and Arkansas Best. Diamondhead commissioned Arkansas Best to procure an insurance policy suitable to Diamondhead's needs, and in doing so Diamondhead authorized Arkansas Best to act on its behalf. See Dodds v. Hanover Ins. Co., 880 S.W.2d 311, 314 (Ark. 1994).