# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2352

_____

United Fire & Casualty Insurance Company

*Plaintiff - Appellee*

v.

Dennis Thompson

*Defendant - Appellant*

Wayne Rockett; Rose Concrete Products, Inc.

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 14, 2014
Filed: July 11, 2014

_____

Before RILEY, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Plaintiff United Fire & Casualty Insurance Company ("United Fire") sought a declaratory judgment in the district court requesting the court declare that an insurance policy it issued to Rose Concrete Products, Inc., did not provide coverage

to Wayne Rockett, a supervisory level employee of Rose Concrete. Rockett was involved in an accident that injured a fellow employee, potentially implicating Rose Concrete's United Fire insurance policy. United Fire argued that the term "directors" in the insurance policy unambiguously provided coverage only to Rose Concrete's actual board of directors and not to employees such as Rockett. The district court[1] agreed and granted summary judgment to United Fire. We affirm.

I.

Rose Concrete is a corporation in Scott City, Missouri. On March 9, 2005, Dennis Thompson, a Rose Concrete employee, was operating a dump truck when it overturned and injured him. The cause of the accident was later determined to be a defective hydraulic pump in the truck. Thompson sued the owners of Rose Concrete, Larry Payne and Steve Obermann, for damages in Missouri state court. As the suit progressed, Thompson added Rockett, his supervisor at Rose Concrete, to the suit and dismissed Payne and Obermann. Thompson alleged that Rockett acted negligently because he knew the dump truck had a defective hydraulic pump and yet continued to allow Thompson to operate the vehicle.

At the time of the accident, Rose Concrete had a commercial general liability insurance policy with United Fire. United Fire agreed to represent Rockett in the Missouri state court suit but reserved its rights because it believed Rockett did not qualify as an "insured" under the policy. Rockett eventually moved to Kentucky, ceased contact with Rose Concrete, and failed to respond to interrogatories or otherwise cooperate with litigation. The Missouri state court entered an $850,000 default judgment against Rockett and in favor of Thompson.

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

United Fire then brought this suit in the Eastern District of Missouri, seeking a declaratory judgment that Rose Concrete's insurance policy did not provide coverage to Rockett and that, therefore, United Fire was not required to pay the $850,000 judgment. Rockett counterclaimed that he was an insured person under the policy and that United Fire was therefore obligated to indemnify him. Thompson also filed a counterclaim requesting equitable garnishment of the commercial general liability policy, see Mo. Ann. Stat. § 379.200. He too alleged that Rockett was insured under the policy.

The commercial general liability insurance policy reads as follows:

SECTION I—COVERAGES

1.     Insuring Agreement

     a.     [United Fire] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

SECTION II—WHO IS AN INSURED

1.     If you are designated in the Declarations as:

     a.     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

-3-

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. *Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.*

e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

(emphasis added).

The district court entered summary judgment in favor of United Fire, finding that Rockett was not an insured because Rose Concrete was "[a]n organization other than a partnership, joint venture or limited liability company," and because Rockett was not an executive officer or director within the meaning of the policy's terms. In addition, the district court found that the policy contained exclusions relating to employee coverage, so Rockett could not be covered as an employee either. Thompson appeals, arguing that Rockett was a director and therefore covered by the insurance policy.

"We review the district court's grant of summary judgment *de novo*." Harleysville Worchester Ins. Co. v. Diamondhead Prop. Owners Ass'n, 741 F.3d 1336, 1337 (8th Cir. 2014). "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007). The parties agree that Missouri law applies to this diversity suit. See 28 U.S.C. § 1332(a)(1); Jordan v. Safeco Ins. Co. of Illinois, 741 F.3d 882, 884 (8th Cir. 2014).

To receive coverage, Rockett must meet the requirements under section 1(d) of the insurance policy because Rose Concrete is "[a]n organization other than a partnership, joint venture, or limited liability corporation." In other words, Rockett must be a "director," within the meaning of the insurance policy.[2] Rose Concrete did not have specific job titles for its employees. Thompson claims that, at the time of the accident, Rockett was Rose Concrete's director of operations. United Fire claims he was just an employee, most likely the general manager. Thompson argues that "director" as used in the insurance policy is ambiguous, and that Rockett is an insured "director" because he often "directed" people and processes as part of his job.[3]

---

[2]Rockett does not allege that he was an "executive officer."

[3]Thompson also argues that United Fire admitted in an interrogatory that "director" is an ambiguous term in the insurance policy. The interrogatory asked: "Does Plaintiff's commercial general liability policy define the difference between the meaning of the words 'director' and 'manager'? If so, please state the section of the commercial general liability policy defining the difference." United Fire answered by noting that "Plaintiff objects to this Interrogatory on the grounds that the terms 'director' and 'manager' are not defined in the Interrogatory and are ambiguous." As is clear from the context, United Fire simply objected to the language in the

United Fire argues that the contract is unambiguous and only provides coverage for members of Rose Concrete's board of directors. All parties agree that Rockett was never a member of the board of directors.

"When interpreting the terms of an insurance policy, [the Missouri Supreme Court] applies the meaning that would be understood by an ordinary person of average understanding purchasing the insurance." Schmitz v. Great Am. Assur. Co., 337 S.W.3d 700, 705–06 (Mo. banc 2011). "In determining whether or not a word is ambiguous, [Missouri courts] examine the entire contract and apply meanings a person of average intelligence and education would understand." Bailey v. Federated Mut. Ins. Co., 152 S.W.3d 355, 357 (Mo. Ct. App. 2004). "Words are not ambiguous merely because their meaning and application confound the parties." Id. Ambiguities exist when "there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." Gulf Ins. Co. v. Noble Broad., 936 S.W.2d 810, 814 (Mo. banc 1997). Ambiguous terms are construed against the insurer. Strader, 230 S.W.3d at 624. If a contract is not ambiguous, then it is enforced as written. Bailey, 152 S.W.3d at 357.

We begin by analyzing section 1(d) in the context of the entire policy. See Am. Nat'l Prop. & Cas. Co., 400 S.W.3d at 425 (instructing that a term in an insurance

_____

interrogatory itself; it did not admit that the insurance policy was ambiguous. Moreover, words in an insurance policy must be interpreted in the context of how they are used in a particular contract. See, e.g., Am. Nat'l Prop. & Cas. Co. v. Wyatt, 400 S.W.3d 417, 425 (Mo. Ct. App. 2013). We decline to use this interrogatory response as proof of ambiguous language in the insurance policy. The fact that an isolated word in an interrogatory may be ambiguous does not serve as an admission that the same word used in a particular insurance policy is likewise ambiguous. See Strader v. Progressive Ins., 230 S.W.3d 621, 624 (Mo. Ct. App. 2007) (concluding that "whether a term is ambiguous is determined in light of the specific factual situation before the court").

-6-

policy is "not to be read literally and in isolation, but must be construed in the context of how it is used in the policy") (citations omitted); <u>Golden Rule Ins. Co. v. R.S.</u>, 368 S.W.3d 327, 334 (Mo. Ct. App. 2012) ("The plain meaning of the various terms in an insurance policy is not determined by viewing the terms in isolation but in viewing them in reference to the whole policy."). The United Fire insurance policy separates different types of insureds, depending on what kind of business organization is being insured. For example, section 1(a) is for sole proprietorships, 1(b) is for partnerships, 1(c) is for limited liability corporations, 1(d) is for corporations, and 1(e) is for trusts. Thus, when construing what "directors" means, the fact that "directors" appears in 1(d) implies that the term directors is used within the context of a corporation.

Corporations in Missouri are "controlled and managed" by a board of directors. Mo. Ann. Stat. § 351.310. A board of directors consists of one or more members who are elected by the corporation's shareholders. Mo. Ann. Stat. § 351.315(1). We conclude that when looking at section 1(d) in the context of the surrounding provisions, coverage is provided only for members of Rose Concrete's board of directors. This conclusion is further buttressed by looking at the other insureds identified in 1(d), which include executive officers and shareholders. A corporation is generally composed of executive officers, a board of directors, and shareholders. <u>See</u> Mo. Ann. Stat. § 351.010–409 (Missouri laws relating to directors, officers, and shareholders). Thus, when analyzing the term "directors" within the context of the United Fire policy as a whole, the policy unambiguously insures only members of Rose Concrete's board of directors, rather than all employees who may "direct" some aspect of, or an activity at, the company. Therefore, the parties' debate over Rockett's job title and whether he "directed" Rose Concrete employees is immaterial because the parties agree that Rockett was never a member of Rose Concrete's board of directors.

Because Rockett was not a member of Rose Concrete's board of directors, he is not an insured under the commercial general liability insurance policy.

III.

We have reviewed the provisions in the insurance policy relating to coverage for employees such as Rockett. Finding no additional provision that could provide coverage for Rockett, we affirm the district court's grant of summary judgment to United Fire.

_____